FLETCHER A. MILLER, Plaintiff, *v.* CHARLES A. MILLER, Defendant.

Municipal Court of New York, Borough of Brooklyn, Fourth District, September 20, 1926.

Summary proceedings to dispossess — proceeding to remove tenant from premises in city of New York which landlord desires — Laws of 1926, chap. 842, merely requires landlord to prove that he owns premises which are used for dwelling purposes and that tenant's term has expired — landlord need not give reason for removal of tenant.

In summary proceedings to dispossess, the landlord is entitled to the possession of premises in the city of New York, leased to defendant as tenant where pursuant to chapter 842 of the Laws of 1926, which applies to premises in the cities of New York, Buffalo, Albany and Yonkers, said landlord upon the trial proves that he owns the property; that it is used for dwelling purposes and that the tenant's term has expired, since those three elements are substantially all that a landlord now need show in a proceeding to dispossess a tenant; the amendment of 1926 practically nullifies all previous landlord and tenant legislation so that a landlord no longer need give any reason why he desires the removal of a tenant.

The actual effect of the amendment is that if a tenant refuses to pay all increases in rent, the landlord can demand the premises and the court is compelled to give the landlord possession. The only discretion the court has is to extend the time for actual dispossessing for a period not exceeding six months, within which the tenant must find other premises for dwelling purposes.

SUMMARY PROCEEDING to dispossess tenant.

CARROLL, J. The landlord in the proceeding desires the premises. He has proven that he owns the property, and that the tenant's term has expired, and that the premises are used for dwelling purposes. That is all he has to prove, as chapter 842 of the Laws of 1926, which applies to premises in the cities of New York, Buffalo, Albany and Yonkers, in effect and from a practical standpoint, nullifies all the landlord and tenant legislation, as that a landlord need give no reason why he desires the removal of a tenant.

Heretofore a landlord was compelled to give thirty days' notice, and had to prove to the court that he desired the premises for his

own use, or that the tenant was objectionable. Now the mere service of the precept, issued by the court on a written petition, showing the tenant's term has expired, is sufficient notice. The tenant must then show he has tried to find other premises in the neighborhood, or give a good reason why the court should give him further time to remove from the premises. The court can then give him time, not exceeding six months, to find other premises, before he can be removed or dispossessed by the marshal. The statute efers only to proceedings where the premises are used for dwelling purposes.

In a case where the landlord can prove that the building is about to be demolished, or that the tenant is objectionable, the court is limited to allow a tenant only thirty days to vacate. Chapter 842 of the Laws of 1926 does not refer to business premises, or to rooms in a hotel, lodging or rooming house, nor does it fefer to buildings erected after May 17, 1926. The actual effect of this law is to nullify all the other legislation, in that, if a tenant refuses to pay all increase in rent, the landlord can demand the premises, and the court is compelled to give them to him. The only power the court has is to extend the time for actual dispossessing the tenant for a period not exceeding six months.